## THE PEOPLE v. SÁNCHEZ.

### APPEAL from the District Court of Ponce.

No. 263.—Decided November 1, 1910.

COMPLAINT—CLASSIFICATION OF OFFENSE.—The circumstance that the complaining witness has erroneously classified the facts set forth in the complaint as constituting a specific offense, does not prevent the municipal court from holding the trial and pronouncing judgment against the defendant for the offense really committed as shown by the facts proven, provided the court has jurisdiction of the offense.

APPEAL—DISTRICT COURT—NEW TRIAL—PUNISHMENT.—In appeals from municipal courts to district courts the latter must proceed to hold a new trial, hearing and deciding the case upon the original complaint and warrant, the pleadings and the evidence introduced, and, in the exercise of a sound discretion, pronounce judgment thereon.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On October 7, 1909, a sworn complaint was filed in the municipal court of Ponce by Sergeant Soto of the insular

police force against Inocencio Sánchez, charging him with
the commission of certain acts which complainant claimed
constituted the crime of forgery. Notwithstanding this, the
municipal court assumed original jurisdiction of the case,
because it considered, we believe, that the facts constituted
the crime of false representation of which the municipal
court had jurisdiction. After the trial was had, judgment
was rendered against the accused sentencing him to four
months' imprisonment in jail.

An appeal was taken to the district court where the case
was tried *de novo,* and the court, on April 29, 1910, found
Inocencio Sánchez guilty of the crime of false representation
and sentenced him to one year in prison.

An appeal having been taken from the judgment of the
district court to this court, the hearing was had on October
25, 1910, without the appearance of the appellant.

There is no bill of exceptions or statement of facts in the
record, nor does it appear that any fundamental error what-
ever was committed which could serve for the reversal of
the judgment appealed from.

The District Court of Ponce imposed a greater punish-
ment on the accused than that imposed by the municipal
court of Yauco, and we think in so doing it acted within the
powers conferred upon it by law.

In cases of appeals from municipal courts to district
courts, the latter should not confine their action to a reversal
or affirmance of the judgment appealed from, but they must
decide the case on the pleadings and the evidence. "All cases
that are triable before the justices of the peace, or before
the municipal courts, when appealed to the district court, shall
be tried on the original complaint and warrant, and the trial
in the district court shall be *de novo.*" (Sec. 3 of the Code
of Crim. Proc., as amended by the Act of March 28, 1904,
Laws of P. R., 1905, p. 10.)

Upon an examination of the complaint or warrant, which
is the basis of the proceeding, and the plea of the defendant,

district judges will consider the evidence introduced before them and decide the case on its merits and, in the exercise of a sound discretion, pronounce judgment thereon.

The appeal must be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not take part in the decision of this case.